# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THOMAS HUMPHREY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____) | Civil Action No.: 3:24-cv-04900-SAL<br><br><br>**COMPLAINT** |

Thomas Humphrey (hereinafter "SFC Humphrey"), complaining of Defendant, the United States of America, would respectfully show as follows:

## PARTIES AND JURISDICTION

1. This is an action seeking damages for personal injury under 28 U.S.C. § 2671, *et seq*. ("Federal Tort Claims Act").

2. Plaintiff is a citizen of the United States and presently resides in Tennessee where he is stationed on active duty as a noncommissioned officer (Sergeant First Class) in the United States Army.

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1346(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

5. No later than March 7, 2024, SFC Humphrey duly and timely presented to Defendant, the United States of America, an Administrative Claim for Injuries Sustained pursuant to 28 U.S.C. § 2675 (a "Standard Form 95"). SFC Humphrey's administrative claim met all statutory and regulatory requirements.

6. Because the United States failed to make a final disposition of SFC Humphrey's administrative claim within six months, SFC Humphrey has elected to deem the United States's inaction a final denial.

7. The Servicemembers Civil Relief Act, as amended, provides that "[t]he period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns." 50 U.S.C.A. § 3936.

8. This suit is timely filed in accordance with 28 U.S.C. § 2401.

## FACTS

9. SFC Humphrey is married to Kristian Humphrey. On September 26, 2023, Mrs. Humphrey filed an action with the United States District Court for the District of South Carolina captioned *Kristian Humphrey v. United States of America*, Civil Action No.: 3:23-cv-04790-SAL.

10. On or about June 4, 2019, Mrs. Humphrey picked up the Humphreys' then two-year-old child at Pierce Terrace Elementary School at Fort Jackson, South Carolina, after which Mrs. Humphrey and her child spent time at the green space behind the school.

11. Upon leaving the green space, Mrs. Humphrey picked up her two-year-old child with her right arm and proceeded to walk in a reasonable and prudent manner down the paved sidewalk toward the parking area.

12. Before reaching the parking area, Mrs. Humphrey tripped on a raised and uneven section of sidewalk next to the playground behind the school depicted below:



13.     Mrs. Humphrey fell onto the concrete and braced her fall with only her left hand and arm because her young child was in the other arm.

14.     Mrs. Humphrey sustained life-altering injuries to her left elbow because of this fall.

15.     Since the fall, Mrs. Humphrey has undergone *eight* surgeries and years of pain and rehabilitation. Mrs. Humphrey developed left elbow arthritis, requiring a full elbow replacement. The replacement required a lifetime weightlifting restriction of 5-7 pounds. Among other future interventions, Mrs. Humphrey will need another elbow replacement by the time she reaches 60 years of age.

16. On information and belief, before Mrs. Humphrey's unfortunate and life-altering fall at this location, the United States learned of others tripping and falling on this same sidewalk yet failed to try to cure or remediate the dangerous, unsafe situation.

17. SFC Humphrey's marital relationship with his wife was irreparably damaged by this fall, as the intangible benefits of the relationship, including companionship, comfort, aid, society, services, affection, and love, were permanently impaired.

18. SFC Humphrey is also responsible for necessaries supplied to Mrs. Humphrey by third parties, including past and future medical care arising from this fall.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

19. Plaintiff re-alleges the above paragraphs as if fully set forth here.

20. Defendant owed Mrs. Humphrey, as an invitee, a duty to take reasonable care to protect Mrs. Humphrey from injuries caused by the premises.

21. Notwithstanding these duties, and upon actual or constructive notice of the hazard, Defendant carelessly, recklessly, and negligently maintained the sidewalk and failed to put Mrs. Humphrey on notice of the hazard, so to cause Mrs. Humphrey to fall and injure herself.

22. The negligence of Defendant directly and proximately caused Mrs. Humphrey to suffer severe personal injuries adversely affecting Mrs. Humphrey's health and well-being.

23. The negligence of Defendant directly and proximately impaired the marital relationship between SFC Humphrey and Mrs. Humphrey.

24. The negligence of Defendant directly and proximately Mrs. Humphrey's need for extensive future medical treatment, which will place a significant financial burden on SFC Humphrey.

25. As agents of the United States, those responsible for the construction and maintenance of the sidewalk had a duty to maintain the premises in a careful manner to avoid harm to innocent civilians on the premises. By failing to exercise reasonable and careful diligence in maintaining the premises, these agents of the United States carelessly, recklessly, and negligently contributed in a direct and proximate manner to Mrs. Humphrey harm.

26. Defendant failed to properly warn Mrs. Humphrey of the hazardous condition.

27. Defendant failed to properly train its employees and other personnel and failed to establish or utilize policies and procedures which ensure the safe maintenance of the premises.

28. Mrs. Humphrey's injuries have made it necessary for Mrs. Humphrey to seek and obtain medical treatment and assistance, causing the Humphreys to spend large sums of money for such treatment and assistance. Mrs. Humphrey will be forced in the future to seek further medical treatment and assistance to help cure, mitigate, or minimize her personal injuries.

29. Mrs. Humphrey's personal injuries are painful and progressive. They have caused Mrs. Humphrey to suffer continuing physical pain, mental anguish, emotional disturbance, limitation in activities, and limitation in the pursuit of Mrs. Humphrey's normal and usual activities.

30. As a direct and proximate result of Defendant's reckless, negligent, grossly negligent, willful, and/or wanton acts and omissions stated above, SFC Humphrey has suffered past, present, and future damages, including but not limited to:

    a. loss of consortium;

    b. significant expenses for necessaries, including past and future medical care; and,

    c. such other particulars as may be found through discovery or trial.

WHEREFORE, Plaintiff moves this Honorable Court to enter judgment against Defendant, the United States of America, and award the following relief:

a. Monetary damages in an amount to be determined at trial; and,

b. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**CALLISON TIGHE & ROBINSON, LLC**

*s/ Ian T. Duggan*
Ian T. Duggan, Fed. No. 12670
1812 Lincoln Street, Suite #200
PO Box 1390
Columbia, SC 29202-1390
Tel: (803)404-6900
Fax: (803)404-6902
ianduggan@callisontighe.com

&

**WORON & DHILLON, LLC**

Brett D. Woron, Fed. No. 13263
1328 Richland Street
Columbia, SC 29201
Tel: (803) 626-1345
Fax: (803) 834-6830
brett@WDInjuryLaw.com

***ATTORNEYS FOR PLAINTIFF***
***THOMAS HUMPHREY***

September 9, 2024
Columbia, South Carolina